

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

June 24, 1975

The Honorable M. L. Brockette
Commissioner of Education
Texas Education Agency
201 East Eleventh Street
Austin, Texas 78701

Opinion No. H- 633

Re: The procedure to be
followed in filling the office
of county school superintendent
when a vacancy in this office
occurs.

Dear Mr. Brockette:

You have requested our opinion as to the filling of the position of
County School Superintendent in Palo Pinto County where no one was elected
to the office at the last election.

You inform us that:

> The last duly elected County School Superintendent
> of Palo Pinto County resigned his position in 1972.
> His administrative assistant was appointed to take
> care of the office until a new superintendent could
> be elected. No one ran for the office nor qualified
> in the primaries, so no candidate was certified on
> the November 1972 or 1974 General Ballot. No
> election has been held in Palo Pinto County to
> abolish the elective office of county superintendent.

You ask:

> Does the County Judge of Palo Pinto County succeed
> to the vacant position as ex officio county superintendent
> - - or does the Commissioners Court appoint a qualified
> person to fill the position -- until the next general election?

Article 17.47, Texas Education Code provides:

> In any county in which no county superintendent has been

elected or appointed, the county judge shall be ex officio county superintendent and shall perform all the duties required of that office

However, this office has previously held that article 17.47 applies only where the office of county school superintendent has never been created in a county or where the office, once established, has been abolished by an election held in accordance with the procedures established by article 17.64, Texas Educ. Code. That opinion held that where the office of superintendent is still in existence, as is the case in Palo Pinto County, the county judge may not assume the position of ex officio superintendent. Attorney General Opinion M-733 (1970).

Accordingly, where the office of county superintendent is still existent, a vacancy in the office should be filled by the commissioners court under the authority of article 2355, V.T.C.S.

## SUMMARY

Where the office of county school superintendent has been created and is still in existence, the county judge may not assume the duties of the superintendent when a vacancy in the office occurs. The vacancy should be filled by the commissioners court of the county.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad